IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY MATTHEW WELSHONS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-23-1472 |
| MARLAYNA ISABELLA, HARFORD TRANSIT LINK, and THOMPSON TOWING, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JEFFREY MATTHEW WELSHONS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-23-1600 |
| MARLAYNA ISABELLA and HARFORD TRANSIT LINK, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM AND ORDER

The above-captioned civil rights Complaints are identical in content and in the claims raised. The two cases shall be consolidated for all purposes. Civil Action JKB-23-1472 shall serve as the lead case number.[1] Plaintiff moved to proceed in forma pauperis, which will be

---

[1] Plaintiff filed Civil Action JKB-23-1472 on May 31, 2023; he filed an amended complaint on June 15, 2023. ECF Nos. 1, 4. Plaintiff filed Civil Action JKB-23-1600 on June 13, 2023. The Clerk will be directed to docket the Complaint in Civil Action JKB-23-1600 as a Supplement in Civil Action JKB-23-1472. Because an amended complaint generally replaces the original complaint filed, *see Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000), Plaintiff's Amended Complaint (ECF No. 4, JKB-23-1472) will serve as the operative pleading in this matter. The Court will also consider Plaintiff's Supplement (ECF No. 1, JKB-23-1600).

granted due to his indigency.[2] ECF No. 2, JKB-23-1472. For the reasons that follow, the Amended Complaint will be dismissed.

Plaintiff Jeffrey Matthew Welshons resides in Aberdeen, Maryland. ECF No. 4, JKB-23-1472; ECF No. 1, JKB-23-1600. Plaintiff names as Defendants Marlayna Isabella, who is identified as working in Harford County, Maryland; Harford Transit, a company based in Abingdon, Maryland; and Thompson Towing, a company based in Aberdeen, Maryland. ECF No. 4 at 2–3, JKB-23-1472. Plaintiff purports to bring a claim pursuant to 42 U.S.C. § 1983 against the named Defendants. *Id.* at 3. He also cites "Section 242 of Title 18" as providing a legal basis for his claims.[3] *Id.*

Plaintiff states that on November 12, 2021, at approximately 7:15 p.m., he was riding a Harford Transit bus when an incident occurred. *Id.* at 4. Defendant Isabella, the driver of the bus, "slammed the brakes" which resulted in Plaintiff being "knocked out."[4] *Id.* He states that Isabella approached him yelling "sir, sir as [he] awoke from hitting a pole." *Id.* Isabella then called dispatch and "belittled the situation" by saying Plaintiff "bumped into a pole." ECF No. 1 at 4, JKB-23-1600. Plaintiff had no phone and asked to use Isabella's phone to call an ambulance, to which she responded, "she couldn't," but she indicated that she would provide an incident report. *Id.* at 4–5. Plaintiff vaguely alleges that the video of this incident has been altered and does not

---

[2] Plaintiff did not file a motion to proceed in forma pauperis or pay the Court's filing fee in JKB-23-1600. However, because both cases will be dismissed, he will not be required to correct the oversight.

[3] This is a criminal statute and thus alleged violations do not create an independent civil cause of action. *See Doe v. Broderick*, 225 F.3d 440, 448 (4th Cir. 2000) (stating that "criminal statutes do not ordinarily create individual rights" and that they "express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation" (citations omitted)).

[4] In Plaintiff's original Complaint he indicates that Defendant Thompson Towing "pulled out in front doing an illegal backing up and then pulled right out in front of the vehicle." ECF No. 1 at 4, JKB-23-1472. This information does not appear in either the Amended Complaint in Civil Action JKB-23-1472, or the Complaint in Civil Action JKB-23-1600, but does appear to explain the cause of the incident. It is unclear from any of the pleadings if the bus contacted the other vehicle, or if the driver avoided collision.

2

match his recollection of the incident. ECF No. 4 at 5, JKB-23-1472. Plaintiff sustained various sprains from the incident. *Id.* at 7.

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 599 U.S. 77, 95 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Here, there is no diversity of citizenship between the parties, as all parties reside in Maryland.

Further, Plaintiff has not stated a federal claim. Contrary to his assertion that Section 1983 entitles him to relief, Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, a plaintiff must

demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Even assuming, *arguendo*, that Defendants were acting under the color of state law, Plaintiff has not, and indeed on these facts cannot, identify a violation of his Constitutional or federal rights. At best, his allegations may amount to a state law motor tort or negligence claim. This Court lacks jurisdiction, and therefore the Amended Complaint must be dismissed.

As this case will not proceed further, Plaintiff's Motion requesting to obtain video footage and issue subpoenas (ECF No. 6, JKB-23-1472) is denied as moot.

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL CONSOLIDATE these cases;
2. The Complaint filed in Civil Action JKB-23-1600 SHALL BE DOCKETED in Civil Action JKB-23-1472 as a Supplement to the Amended Complaint;
3. Plaintiff IS REMINDED that any future filings related to this claim must note Civil Action No. JKB-23-1472 as the case number;
4. Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2, JKB-23-1472) is GRANTED;
5. Plaintiff's Motion requesting to obtain video footage and issue subpoenas (ECF No. 6, JKB-23-1472) is DENIED as moot.
6. The Clerk SHALL CLOSE Civil Action No. JKB-23-1600;
7. The Amended Complaint in Civil Action No. JKB-23-1472 is DISMISSED; and
8. The Clerk SHALL SEND a copy of this Order to Plaintiff and CLOSE this case.

Dated this 22 day of June, 2023.

FOR THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge